(No. 944—

FEDERAL ICE REFRIGERATING Co., Claimant, *vs.* STATE OF ILLINOIS,. ⁹Respondent.

*Opinion filed November 9, 1927.*

HENRY J. & CHARLES AARON, for claimant.

OSCAR E. CARLSTROM, Attorney General; DAVID J. KADYK, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

This is a claim for a refund of portion of franchise taxes paid by claimant to the Secretary of State of the State of Illinois, under written protest in the years 1920, 1921, 1922 and 1923, which sums total $6702.26. The declaration filed alleges that claimant is a foreign corporation, organized and existing under the laws of the State of Delaware, engaged in the business of manufacturing artificial ice and furnishing icing to railroads and other industries and having an office at 76 West Monroe Street, Chicago, Illinois; that claimant, under authorization of the Secretary of State of the State of Delaware, issued 50,000 no par shares and that each share of no par value stock so issued had a paid in value not exceeding $5.00; that for the privilege of exercising its franchise in the State of Illinois, from July 30, 1920, to June, 1924, claimant paid the Secretary of State the sum of $6702.26, as franchise taxes assessed against such no par

value shares valued at $100.00 a share, and that such payments were forwarded to the Secretary of State under written protest for the reason that these franchise taxes were assessed against no par shares on a $100.00 valuation, and not on the actual paid in value of such shares and that claimant was forced to pay under duress, taxes assessed upon such valuation to the extent that such assessment disregarded the actual paid in value of such shares.

The demurrer filed by the Attorney General of the State of Illinois, is sustained, as a matter of law.

After a careful consideration of all testimony introduced, and analysis of the briefs submitted, we conclude that this is not a proper case for the exercise of our equitable jurisdiction; that where claimant has had its proper remedy and has been provided with ample protection of the law in the courts of this State, it must avail itself of these remedies and protections. An award is therefore denied.